**UNITED STATES DISTRICT COURT FOR THE DISTRICT OF MAINE**

| | | |
|---|---|---|
| ALEX KAISER,<br>Plaintiff,<br><br>v.<br><br>MAINE NORTHERN RAILWAY COMPANY,<br>Defendant. | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) | Civil Action No.<br><br>Trial By Jury Demanded |

**COMPLAINT AT LAW**

Plaintiff Alex Kaiser, by and through his undersigned attorneys, brings this action against Defendant Maine Northern Railway Company under the Federal Employers' Liability Act (FELA), 45 U.S.C. § 51 et seq., and the Safety Appliance Act, 49 U.S.C. § 20302 et seq., and respectfully alleges as follows:

**THE PARTIES**

1. Plaintiff Alex Kaiser is an individual residing in Presque Isle, Aroostook County, Maine. At all times relevant hereto, Plaintiff was an employee of Defendant Maine Northern Railway working in the capacity of a railroad conductor.

2. Defendant Maine Northern Railway is a railroad corporation organized and existing under the laws of the State of Maine, with its principal place of business in the State of Maine. At all times relevant hereto, Defendant was a common carrier by railroad engaged in interstate commerce, owning, maintaining, and operating railroad tracks, locomotives, railcars, yards, and appurtenances within the District of Maine.

## JURISDICTION AND VENUE

3. This Court has subject matter jurisdiction over this action pursuant to 28 U.S.C. § 1331 (federal question) and Section 6 of the Federal Employers' Liability Act (FELA), 45 U.S.C. § 56.

4. Venue is proper in the United States District Court for the District of Maine pursuant to 45 U.S.C. § 56 and 28 U.S.C. § 1391(b), because Defendant operates railroad lines, conducts substantial business, and is subject to personal jurisdiction within this District, and because a substantial part of the events giving rise to the claims asserted herein occurred within this District.

## GENERAL FACTUAL ALLEGATIONS

5. At all times material hereto, Plaintiff was employed by Defendant as a conductor and was acting within the course and scope of his railroad employment, furthering the interstate railroad operations and commerce of Defendant.

6. On or about November 24, 2023, Plaintiff was assigned by Defendant to perform switching and delivery operations at the Huber industrial facility located in Easton, Aroostook County, Maine.

7. In the performance of his assigned duties on the night of November 24, 2023, Plaintiff was required to manually set and apply the handbrake on a railcar positioned at the facility.

8. While Plaintiff was applying the handbrake, the handbrake chain holder and bracket assembly suddenly and violently snapped off the railcar frame due to a broken, defective, and failed weld.

9. The sudden, unexpected structural failure of the handbrake bracket instantly released the built-up mechanical tension on the handbrake wheel, violently pulling, whipping, and wrenching Plaintiff's left upper extremity and left shoulder.

10. Contemporaneous notice of the mechanical failure and resultant injury was transmitted to Defendant's supervisory personnel on November 25, 2023.

11. As a direct result of the sudden failure of the handbrake assembly, Plaintiff sustained severe, debilitating, and permanent injuries to his left upper extremity, including full-thickness anterior and posterior labral tears of his left shoulder.

12. Plaintiff underwent extensive medical treatment, including emergency care, diagnostic imaging, and on February 2, 2024, arthroscopic surgery consisting of anterior and posterior labral repairs performed at Northern Light Eastern Maine Medical Center.

13. Following surgery, Plaintiff developed persistent, intractable neuropathic pain diagnosed as Complex Regional Pain Syndrome (CRPS) and cervical radiculopathy.

14. Plaintiff's treatment has required repeated interventional procedures, including left stellate ganglion nerve blocks, ongoing pharmacotherapy, and surgical implantation of a spinal cord stimulator in late October 2026.

15. Prior to this incident, Plaintiff was an able-bodied young railroad worker with a multi-decade railroad career ahead of him. As a consequence of the injuries sustained on November 24, 2023, Plaintiff has suffered and will continue to suffer severe physical pain, mental anguish, physical impairment, disability, lost wages, and permanent loss of earning capacity.

**COUNT I: FEDERAL EMPLOYERS' LIABILITY ACT**
**(45 U.S.C. § 51 ET SEQ.) – NEGLIGENCE**

16. Plaintiff repeats and realleges each and every allegation contained in paragraphs 1 through 15 as if fully set forth herein.

17. At all times relevant hereto, Defendant owed Plaintiff a non-delegable, continuing duty under the Federal Employers' Liability Act, 45 U.S.C. § 51 et seq., to exercise reasonable care to furnish Plaintiff with a reasonably safe place to work, reasonably safe tools, appliances, and equipment, and to inspect and maintain its railcars and appurtenances in a safe operational condition.

18. Defendant breached its duty to Plaintiff and was guilty of negligence which caused, in whole or in part, the injuries suffered by Plaintiff, in one or more of the following respects:

a. Failing to provide Plaintiff with a reasonably safe place in which to work;

b. Failing to provide Plaintiff with safe, suitable, and properly maintained railroad equipment, specifically the handbrake assembly and railcar frame bracket;

c. Operating, moving, and using a railcar with a defective, cracked, compromised, or improperly welded handbrake chain holder bracket;

d. Failing to implement and perform adequate, reasonable, and periodic inspections of its railcars and handbrake components to discover defective welds and structural weaknesses;

e. Failing to repair or replace the defective handbrake assembly prior to requiring Plaintiff to operate it;

f. Failing to warn Plaintiff of the dangerous and defective condition of the railcar's handbrake assembly; and

g. Failing to establish, maintain, and enforce adequate safety rules, practices, and procedures governing the inspection, maintenance, and operation of handbrake equipment.

19. Under the Federal Employers' Liability Act, Defendant is liable to Plaintiff if its negligence played any part, even the slightest, in producing Plaintiff's injuries and damages.

20. As a direct and proximate result, in whole or in part, of Defendant's negligence, Plaintiff sustained severe, painful, and permanent injuries, has incurred and will in the future incur substantial medical, surgical, and rehabilitation expenses, has suffered lost earnings and fringe benefits, has sustained a permanent destruction or impairment of future earning capacity, and has endured physical pain, suffering, emotional distress, and loss of enjoyment of life.

## COUNT II: SAFETY APPLIANCE ACT VIOLATION
## (49 U.S.C. § 20302 ET SEQ. AND 49 C.F.R. PART 231)
## NEGLIGENCE PER SE UNDER FELA

21. Plaintiff repeats and realleges each and every allegation contained in paragraphs 1 through 20 as if fully set forth herein.

22. Under the Federal Safety Appliance Act, 49 U.S.C. § 20302(a)(1)(B), Defendant railroad was under an absolute, mandatory, and non-delegable statutory duty not to use or allow to be used on its rail lines any vehicle unless it was equipped with efficient hand brakes.

23. Under the Federal Railroad Administration Safety Appliance Standards, 49 C.F.R. Part 231 (including 49 C.F.R. § 231.1 and related provisions), hand brakes, operating mechanisms, brackets, housings, chains, and component parts must be securely fastened, efficient, and maintained free of defects.

24. Defendant violated 49 U.S.C. § 20302(a)(1)(B) and federal regulations by hauling, permitting to be hauled, and using on its line a railcar that was not equipped with an efficient hand brake, in that the handbrake chain bracket assembly broke, failed, and snapped off the railcar frame under normal operating application.

25. An inefficient hand brake under the Safety Appliance Act includes any handbrake mechanism that has a broken, cracked, or defective weld, that fails to hold

under load, that exhibits structural failure of its chain holder or housing, or that fails to operate safely and effectively during customary railroad use.

26. Defendant's violation of the Safety Appliance Act and 49 C.F.R. Part 231 constitutes negligence per se and establishes absolute liability without regard to Defendant's negligence, exercise of care, or lack of notice.

27. Pursuant to Section 3 and Section 4 of the Federal Employers' Liability Act, 45 U.S.C. §§ 53 and 54, because Defendant violated a statute and safety regulation enacted for the safety of railroad employees, Plaintiff cannot be held guilty of contributory negligence, no reduction of damages for comparative fault is permissible, and Plaintiff did not assume the risk of his employment as a matter of law.

28. As a direct and proximate result, in whole or in part, of Defendant's violation of the Safety Appliance Act and federal safety appliance regulations, Plaintiff sustained severe, disabling, and permanent injuries to his left shoulder and arm, developed Complex Regional Pain Syndrome, underwent surgical repairs and a spinal cord stimulator implantation, incurred substantial medical expenses, and suffered lost income, loss of future earning capacity, and physical and mental pain and suffering.

**PRAYER FOR RELIEF**

WHEREFORE, Plaintiff Alex Kaiser respectfully demands judgment against Defendant Maine Northern Railway on all Counts, and requests relief as follows:

a) An award of compensatory damages in an amount to be determined at trial, representing past and future medical expenses, past and future wage loss, benefits, and impairment of earning capacity, pain and suffering, emotional distress, and permanent impairment;

b) Pre-judgment and post-judgment interest as allowed by law;

c) Such other and further relief as this Court deems just, proper, and equitable.

## DEMAND FOR JURY TRIAL

Plaintiff Alex Kaiser hereby demands a trial by jury on all issues so triable in this action pursuant to Rule 38(b) of the Federal Rules of Civil Procedure.

DATED: November 10, 2026

Respectfully submitted,

ALEX KAISER, Plaintiff

By His Attorneys,

*/s/ William J. McMahon*

William J. McMahon
HOEY, FARINA & McMAHON, P.C.
444 West Lake Street, Suite 1700
Chicago, Illinois 60606
Telephone: (312) 939-1212
Facsimile: (312) 939-7842
Email: wmcmahon@hoeyfarina.com
Lead Counsel for Plaintiff (Pro Hac Vice Pending)

And

*/s/ Jeffrey T. Edwards*

Jeffrey T. Edwards (ME Bar No. 679)
Senior Counsel
PRETI, FLAHERTY, BELIVEAU & PACHIOS, CHARTERED, LLP
One City Center
Portland, Maine 04101
Telephone: (207) 791-3000
Facsimile: (207) 791-3111
Email: jedwards@preti.com
Local Counsel for Plaintiff